U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 1 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

**SHREVEPORT DIVISION**

SNIDER RAY WILLIAMS

versus

CIVIL NO. 08-0229
JUDGE TOM STAGG

ANTHONY B. SIMS AND
CELADON TRUCKING SERVICES, INC.

## ORDER

Before the court is a "Motion to Bifurcate Trial" filed by the defendants, Anthony B. Sims ("Sims") and Celadon Trucking Services, Inc. ("Celadon") pursuant to Federal Rule of Civil Procedure 42(b). See Record Document 68. Under this rule, the court may order a separate trial of one or more separate issues for convenience, to avoid prejudice, or to expedite and economize. See Fed. R. Civ. P. 42(b); Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994).

Sims and Celadon contend that bifurcation of the issues of liability and damages "may advance the cause of judicial economy, and may convenience the jury." Record Document 68 at 2. They also contend that bifurcation may avoid many of the disputes addressed in the pending motions in limine. See id.

The plaintiff, Snider Ray Williams ("Williams"), filed a "Memorandum in Opposition to Defendants' Motion to Bifurcate Trial," wherein he contends that the

1

damage portion of the case will be small and that all of the damage evidence needs to be submitted to the jury in the liability case. See Record Document 73. Williams also contends that bifurcation "will make trying this case less convenient and less efficient for the jury because of this overlap in evidence." Id. at 4.

The principle issues in this dispute are whether the truck driven by Sims struck Williams and if so, whether Sims was negligent. The following facts are not in dispute: Williams was seriously injured while walking across a four-lane highway, the accident occurred at night, and Williams was wearing dark-colored clothing. Whether Williams's injuries occurred by the fault of Sims is a highly contested fact that must be determined by the jury. If the jury finds Sims negligent, the court will recess in order for settlement proceedings to occur. If no settlement is made, the jury will be called upon to hear and decide the issue of damages.

Under these circumstances, the court finds that the purposes of Rule 42(b) would be furthered by bifurcation of the issues of liability and damages. Fairness will be improved, and prejudice avoided, if the jury must find fault before it considers evidence on damages. Accordingly, Sims and Celadon's motion to bifurcate trial (Record Document 68) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of March, 2009.

JUDGE TOM STAGG